

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

*Shelby Co*

Honorable Wardlow Lane
District Attorney
Center, Texas

Dear Sir:

Opinion No. O-2177
Re: Amount of tuition payable
on transfer of child from
common school district to
independent school district.

We have for reply your letter dated March 18, 1940,
requesting the opinion of this Department upon the above
stated question. Your request reads as follows:

"A controversy has arisen between the Center
Independent School District and the father of one
of the pupils transferred from an adjoining Common
School District and they have ask that I get your
opinion.

"The father of the child transfers to the Cen-
ter Independent School District because high water
makes it most difficult to from his home to the
school house in the Common School District in which
he lives. The school in which district the pupil
lives runs for eight months and the Center Indepen-
dent School District runs for nine months. The
father contends and offers to pay tuition for the
one month more that the Center School runs but the
Center District contends that he must pay tuition
enough to bring the amount of money that was trans-
ferred from the Common School District with such
pupil up to the total pro rated cost of maintaining
the Center School, that is, the cost per pupil in
line with the budget set at the beginning of the
school year.

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable Wardlow Lane, Page 2

"Under this fact situation is the Center Independent School District authorized to charge tuition in excess of the month in the event such month tuition is not sufficient to bring the pupil's money allotted and transferred with it up to the budget requirement for each pupil of the Center School?"

From the facts stated above, we assume that the transfer of the scholastic in question was effected by virtue of the provisions of Articles 2695-2699, Revised Civil Statutes, 1925, and that no question of transfer of a scholastic for high school purposes (wherein the sending district does not afford the same opportunities as the receiving district) is involved. We also assume that both the sending and receiving school districts are located in the same county.

On the basis of these facts your question is whether the receiving independent school district may charge tuition to the non-resident scholastic based on the pro rata cost of maintaining the independent school district less the portion of school funds of the common school district transferred to the independent school district; or, on the contrary, may the independent school district charge tuition only for one month (the period such independent school district's term exceeds the common school district's)?

Article 2696 in the Revised Civil Statutes, 1925, as amended, Acts 1935, 44th Legislature, Chapter 201, Sec. 1, p. 488, reads as follows:

"Any child lawfully enrolled in any district or independent district, may by order of the county superintendent, be transferred to the enrollment of any other district or independent district in the same county upon a written application of the parent or guardian or person having lawful control of such child, filed with the county superintendent; provided that any district or independent district being dissatisfied with any transfer made by the county superintendent may appeal from such action to the county board of trustees of said county who shall have the right to annul and cancel the transfer allowed by the county superintendent.

"The applicant shall state in said application that it is his bona fide intention to send said child to the school to which the transfer is asked.

Honorable Wardlow Lane, Page 3

"Upon the certification of the transfer of any child, from one district to another district, by the county superintendent of the county in which the child resides at the time of the transfer, the State Department of Education shall authorize the State Treasurer to pay over directly the per capita apportionment, in independent districts of five hundred (500) or more scholastic population, to the district to which such child is transferred; and in all other districts, to county superintendents, to be paid by him to the respective districts to which such children are transferred; provided, no transfer shall be made after August 1st."

In Slocomb vs. Cameron Independent School District, 116 Tex. 288, 288 S.W. 1064, certain scholastics were duly transferred from other school districts of the county to the Cameron Independent School District. The Board of school trustees of the Cameron Independent School District entered an order requiring these pupils to pay tuition at the rate of $50.00 per year for high school students and $32.00 for students in grades below the high school, less transfer money received. The father of these pupils refused to pay the tuition and instituted an action to restrain the school board from attempting to collect the amounts alleged to be due. The court held that the independent school district could charge tuition to non-resident scholastics under Article 2760 of the Revised Civil Statutes, 1911, (which article is almost identical with Article 2696, Vernon's Annotated Civil Statutes) and in the course of its opinion said:

"It is our view that the Legislature, in enacting this article, did not intend to require any independent school district in this state to educate a scholastic free of charge any longer than the funds transferred with such scholastic, would pay such pupil's proportionate part of the expense of operating the schools of such district. In other words, as long as the state apportionment will operate the schools of an independent district, the transfer pupil, whose state apportionment is also transferred, is not required to pay tuition. But, when the schools of an independent district must continue their term with money raised by local taxes levied upon property within such district, then the transfer pupil, a nonresident of such district, must pay a reasonable tuition."

Honorable Wardlow Lane, Page 4

For cases in accord see Huck vs. Public Free Schools of the City of Austin, (C. C. A. 1927) 290 S.W. 1118; Muse vs. McKinney District School District, (C. C. A. 1931) 35 S.W. (2d) 780. These cases were under Article 2696 of the Revised Civil Statutes of 1925. See also the case of Love vs. City of Dallas, 40 S.W. (2d) 20, decided by the Supreme Court of this State on May 16, 1931, wherein the court pointed out:

"For more than fifty years statutes have been in effect permitting transfers from one school district to another, and some consideration must be given to the construction of the Constitution which the enactment of these statutes implies. Since the Constitution does not permit the taxation of the people of a school district for the support of that district, except upon a vote of the people of the district, it is not debatable that the Legislature cannot compel one district to use its funds and properties for the education of scholastics from another district, without just compensation. However, in view of the long operation of the transfer statutes, we believe that where a school district has facilities and teachers in excess of those necessary for its own scholastics, the state has the power to require it to accept transfers from another district, but only upon the payment of reasonable compensation therefore. . ."

As stated in the Slocomb case, supra, "For years and years the State Department of Education under the advice of the Attorneys General of this State, has ruled that this tuition may be charged". In support of this see Biennial Report of the Attorney General, 1918-1920, page 499, Vol. 363, Letter Opinion p. 522, Vol. 367, Letter Opinion, Page 35, Opinion to Emory B. Camp, dated June 18, 1937, Vol. 376 Letter opinion.

Consequently, it may be seen that under the authority of Article 2696, Slocomb vs. Cameron Independent School District, and Love vs. City of Dallas, a receiving independent school district not only has the right, but it is its duty to collect a reasonable tuition from non-resident scholastics sufficient to compensate the receiving district for the education of transferred scholastic, when transfer funds received are not sufficient.

The remaining question of what constitutes "reasonable tuition" was also answered by Chief Justice Cureton in the Love Case wherein he said:

Honorable Wardlow Lane, Page 5

". . . For the same reason a school district cannot be compelled to render a service to a non-resident scholastic for less than a reasonable tuition fee. Such an attempt on the part of the Legislature to thus confiscate the property of its taxpayers would not be a legitimate use of such a quasi-municipal corporation as an agency of the State. As to what would be reasonable compensation, must depend upon the facts of each particular case. We do not think that, as a matter of law, any element which enters into the cost of the school system, or the expense of its maintenance, can be excluded in determining what would be a reasonable compensation, although in special cases, where the admission of nonresident scholastics would be of compensating advantage to the district, a less amount than that found upon a consideration of all factors might be reasonable. . ." (Underscoring ours)

It is therefore the opinion of this Department and you are respectfully advised that a receiving independent school district may charge a reasonable amount as tuition to a non-resident scholastic transferred to such district from a common school district; that in determining a reasonable tuition or compensation for the education of the scholastic in question, no element entering into the cost of the school system or the expense of its maintenance should be excluded; and finally that we are in possession of no facts which would indicate that the pro rated cost of maintaining the Cameron Independent School District, less transfer money received would be unreasonable compensation or unreasonable tuition as to the scholastic in question. Indeed, it would seem that this manner of determining the tuition for the scholastic is a deliberate attempt to follow the directions of the Love case.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By _Walter R. Koch_
Walter R. Koch
Assistant

By _James D. Smullen_
James D. Smullen

APPROVED APR 20, 1940

_Grover Sellers_
FIRST ASSISTANT
ATTORNEY GENERAL

JDS:ew

APPROVED
OPINION
COMMITTEE
BY _BWB_
CHAIRMAN